UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No: 8:23-MJ-2062-JSS

STEPHEN P. CORCORAN
_____/

**ORDER**

Defendant was charged in a petty offense citation with one count of violating 18 U.S.C. § 1382 for entering restricted waters surrounding MacDill Air Force Base without authorization. (Dkt. 1.) The court held a bench trial on September 13, 2023. (Dkt. 22.) Upon consideration and as stated on the record at trial, the court finds Defendant not guilty of the offense and enters the following findings of fact pursuant to Federal Rules of Criminal Procedure 23(c) and 58.

Defendant is a retired United States Marine colonel. Defendant testified credibly at trial that on January 7, 2023, he lawfully accessed MacDill Air Force Base in Tampa, Florida, through one of its entry checkpoints by using his military identification card. Having lawfully accessed the base, Defendant set out from the base's marina into the waters south of MacDill Air Force Base in his personally owned kayak. Defendant's kayak is 18 feet long and 20 inches wide, weighs 24 pounds, and has an 18-inch rudder on its rear.

The waters surrounding MacDill Air Force Base are designated as a restricted area pursuant to 33 C.F.R. § 334.635. *See* (Dkt. 23-3 at 2 (depicting restricted zone).)

All persons, vessels and other craft are prohibited from entering the restricted area without appropriate authorization. 33 C.F.R. § 334.335(b). The restricted area is delineated in the water by poles rising above the surface of the water at approximately 1,000 yards from the shoreline at intervals of approximately 100 feet. Section 1382 of Title 18 makes it a criminal offense to enter military property, such as the restricted area surrounding MacDill Air Force Base, "for any purpose prohibited by law or lawful regulation." 18 U.S.C. § 1382; *see also United States v. Sued-Jimenez*, 275 F.3d 1, 6 (1st Cir. 2001) (holding that Department of the Navy's regulations "are sufficient to satisfy the knowledge or notice requirement that military installations [] are off limits to the public" and that to satisfy illegal purpose element of 18 U.S.C. § 1382, government must prove only that "defendant deliberately entered the naval base") (citing *United States v. Maxwell*, 254 F.3d 21, 24–25 (1st Cir. 2001)).

From the base's marina, there is a designated channel that extends due south beyond the restricted area through which kayakers, such as Defendant, have authorization to travel from the base's marina to the waters south of the restricted area. *See* (Dkt. 23-3 at 3 (depicting channel through restricted zone).) Larger vessels also use the channel to access the base's marina and may present a hazard that would preempt a kayaker's use of the channel. Kayakers from the base's marina are also permitted within the restricted area in the zone to the west of the channel, but are not permitted in the restricted area to the east of the channel. *See* (*id.*) Defendant testified that he was familiar with the restricted area surrounding MacDill Air Force Base and the various authorizations that governed the operation of his kayak in those waters.

Senior Airman Rios Solero of the 6th Security Forces Squadron appeared as a witness for the Government and testified that on January 7, 2023, he was patrolling the restricted area around MacDill Air Force Base in a patrol vessel with his partner, as part of his regular duties as a marine patrolman. At approximately 11:30am, the patrol vessel entered the channel and proceeded north, where it encountered Defendant in his kayak, who was proceeding south in the channel from the base's marina. *See* (Dkt. 23-2 (probable cause statement); Dkt. 23-3 (designating point of first interaction as P1).) Senior Airman Rios Solero testified that during a brief interaction with Defendant, he advised Defendant to move out of the channel if larger vessels were approaching. Defendant testified that he understood Senior Airman Rios Solero's instructions to mean that a larger vessel was imminently approaching, and that Defendant needed to move out of the channel to ensure the safe operation of his kayak and any approaching vessel.

Following their interaction, Senior Airman Rios Solero's patrol vessel continued north to the base's marina. Defendant, believing that he needed to exit the channel based on Senior Airman Rios Solero's instructions, proceeded south in the channel. Defendant testified that due to the unusually low tide at that time and his kayak's 18-inch rudder, he was unable to exit the channel in the area to the west of the channel, in which kayakers were permitted. *See* (Dkt. 24-4.) Instead, Defendant testified that he could only safely exit the channel by proceeding south in the channel until the water was sufficiently deep in the restricted area to the east of the channel to permit his kayak to exit. *See* (Dkt. 23-3 (designating approximate location of

3

Defendant in the restricted area as P3).) Defendant therefore proceeded south in the channel and exited the channel in the area to the east of the channel within the restricted area.

Senior Airman Rios Solero testified that upon arriving at the marina, he observed Defendant travelling in the restricted area to the east of the channel. Senior Airman Rios Solero then proceeded in his patrol vessel to intercept Defendant and directed Defendant to return to the base's marina. Defendant was then issued a citation for violation of 18 U.S.C. § 1382 for entering the restricted area without authorization. *See* (Dkts. 23-2, 23-4.)

Upon consideration of the evidence submitted at trial and as stated on the record, the court credits Defendant's testimony and finds that Defendant entered the restricted area south of MacDill Air Force Base designated by 33 C.F.R. § 334.335 without authorization in violation of 18 U.S.C. § 1382. However, the court finds that Defendant acted out of necessity in entering the restricted area based on the weather and tidal conditions at the time and Defendant's belief that he needed to exit the channel to ensure the safe operation of his kayak and other vessels operating in the channel. *See United States v. Rojas*, 233 F. App'x 947, 949 (11th Cir. 2007) ("The defense of necessity or justification is an affirmative defense to some criminal statutes, and, if available, the defendant bears the burden of proving the defense by a preponderance of the evidence.") (citing *United States v. Dicks,* 338 F.3d 1256, 1257 (11th Cir. 2003)); *e.g.*, *United States v. Ayala*, 289 F.3d 16, 26 (1st Cir. 2002) (discussing application of necessity defense in prosecution for trespassing on military installation

in violation of 18 U.S.C. § 1382); *Sued-Jimenez*, 275 F.3d at 6 (same); *cf. United States v. Allen*, 940 F.2d 1536 (9th Cir. 1991) (affirming convictions for unlawful entry onto military installation in violation of 18 U.S.C. § 1382 and considering application of necessity defense). Accordingly, the court finds Defendant not guilty of the offense. (Dkt. 25.)

    **ORDERED** in Tampa, Florida, on September 20, 2023.

                                  JULIE S. SNEED
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record